## HART *v.* GEORGIA RAILROAD COMPANY.

There was no error in dismissing on demurrer an action against a railroad company for its alleged breach of a parol contract between it and the plaintiff, who was the owner of a lot of land adjoining the company's right of way at one of its stations; the contract as set forth in the declaration being, that if the plaintiff would erect on such lot a permanent and first-class hotel for the accommodation of the traveling public, maintain the same in a first-class manner, and accommodate therein employees of the company at one half the rates charged other customers, the company, by the patronage of its road, would maintain and support the hotel. Although the declaration set forth various facts, such as building a hotel, maintaining the same as agreed, etc., as constituting full performance by the plaintiff, the contract itself was too vague and indefinite to afford any safe, satisfactory, or proper basis for computing damages arising from its non-performance by either of the parties.

Argued April 17, — Decided May 19, 1897.

Action on contract. Before Judge Reese. Greene superior court. February term, 1896.

*Samuel H. Sibley* and *William M. Howard*, for plaintiff.
*Joseph B. & Bryan Cumming*, for defendant.

COBB, J. Mrs. Hart sued the Georgia Railroad Company, alleging in her petition, that the defendant was engaged as a common carrier in the carrying of passengers, and that an eating-station for the comfort and convenience of passengers on the road was practically a necessity, and the establishment of such a station would be a great advantage to the road in increasing its popularity and patronage; that the company through its duly authorized agent and officer covenanted and agreed with her that if she would erect at the station of Union Point a permanent and first-class eating-house for the accommodation of the traveling public, and maintain the same in a first-class manner, the company by the patronage of its road would maintain and support the same. In consideration of such representations and promises and of the profits anticipated from the patronage, she agreed to erect such a house and maintain or cause it to be maintained in first-class style, promising further to accommodate the employees of said company thereat for a reduced price, to wit 25 cents for meals, being one half the regular price. It was further alleged, that in accord-

ance with the terms of the agreement a first-class hotel was erected and maintained, and that the contract was fully performed on her part. It was also alleged, that said company discontinued stopping its trains for meals at Union Point until only one train was stopped for that purpose, the patronage of which was not sufficient to make the business of maintaining an eating-house profitable; that the business was wholly dependent for support upon the patronage of the trains of the company and could not be otherwise sustained, and since the stopping of the trains she is unable to conduct the business at all, and has lost the entire profits which could have been derived therefrom, to the net annual value of $4,000. To the declaration the defendant filed a general demurrer, which was sustained, and the plaintiff excepted.

The contract as declared on contained an obligation on the part of the plaintiff to erect "a permanent and first-class hotel for the accommodation of the traveling public, and maintain the same in a first-class manner," and the obligation on the part of the road that it "by the patronage of its road would maintain and support the same." The whole of the alleged parol contract is contained in the words quoted. What is a first-class hotel? How is a hotel maintained in a first-class manner? What is the patronage of a road running trains day and night at a given point? Is the stopping of every train necessary to maintain and support an eating-house at such point? If not, how many trains, and what trains? Suppose the plaintiff had failed to erect a hotel, what character of building could she have been compelled to erect under this contract? That she did erect a hotel which in her opinion was a first-class hotel, and that she did maintain the same in what she understood to be a first-class manner, can not make certain and definite stipulations in the contract declared on, which are otherwise vague and indefinite. Construing the declaration as a whole, it is impossible to determine with certainty what was the contract between the parties; and therefore it is impossible to determine what would be the damages arising from a failure to carry out the alleged contract. As the language alleged does not make a contract between the

parties which is capable of enforcement, there was no error in dismissing the declaration on demurrer.

*Judgment affirmed.    All the Justices concurring.*