CHARLES U. MILLER v. FARMERS FEDERATION, INC.

(Filed 15 September, 1926.)

**1. Contracts, Written—Parol Evidence—Statute of Frauds.**

Where a contract concerning the subject-matter is not required to be in writing, and is partly written, parol evidence is admissible to show the unwritten part so that the contract in its entirety may be enforced when the unwritten part does not vary, add to or contradict that which has been reduced to writing.

**2. Same—Telegrams—Letters.**

Where a contract rests in parol in part, and the party to be charged has thereafter by letter or telegram confirmed this part of the contract, he may not avoid his obligation thereunder under the statute of frauds, and the entire contract will be considered as having been reduced to writing, and parol evidence concerning the subject-matter will be construed as having merged into the various writings.

**3. Same—Fraud—Mistake—Parol Evidence.**

Only when a written contract is vitiated by fraud, mutual mistake or some other equitable element, is parol evidence admissible to contradict, add to or vary that which has been reduced to writing by the parties thereto.

CIVIL ACTION, tried before *Brock, Emergency Judge,* at January Term, 1926, of HAYWOOD.

The only issue submitted to the jury was: "Is the defendant indebted to the plaintiff, and, if so, in what amount?"

The jury answered the issue $489.13 with interest from 1 October, 1924.

From judgment thereon the defendant appealed.

*Morgan & Ward for plaintiff.*
*J. W. Ferguson and Carter, Shuford & Hartshorn for defendant.*

MILLER *v.* FARMERS FEDERATION.

BROGDEN, J. The plaintiff brought suit upon a verbal contract with the defendant, which, according to the testimony, is substantially as follows: "That on or about 6, 8, or 10 September the plaintiff met Mr. Dodd, manager of the marketing department of the defendant, and asked him if he was in the market to buy apples. Dodd replied that he was and desired to know of plaintiff if he had a car-load of York apples and how soon he could get them out." Plaintiff testified further: "I then asked him what they were worth or what he would pay for them. He said he thought he could get $4.00 a barrel, and that he would let me know within the next day or two about handling a car. I believe that was the extent of that conversation I had with him in person. The next day or probably two days afterwards Mr. Dodd called me up on the phone and said he would take a car of York apples at $4.00 a barrel. Then I asked him about the pay. He said they would pay for them at $4.00 a barrel within ten days, . . . and that he would send me shipping instructions." It was further agreed, according to plaintiff's testimony, that the plaintiff was to allow the defendant five per cent commission and a small brokerage fee not exceeding $15.00.

On 12 September, the defendant wrote the following letter to the plaintiff: "We beg to hereby confirm our phone conversation booking minimum car No. 1 Yorks at $4.00 per bbl., less 5 per cent commission to us and $15 brokerage fee. Ship this car on order notify B/L as follows: Order of Farmers Federation, destination, Augusta, Ga. Notify Merry & Co., Augusta, Ga. Note on B/L allow inspection. Kindly forward to us all papers properly signed immediately upon finishing loading.

FARMERS FEDERATION, INC.,

By F. F. Dodd, *Mgr., Marketing Dept.,*

Per G. S. C."

On 17 September, the plaintiff wrote the following letter to the defendant: "I am shipping today as per your order of the 12th one car of No. 1 apples, destination, Augusta, Ga., order of Farmers Federation. Notify Merry & Co., Augusta, Ga. This car contains 18 bbls. Gano's at $3.75 per, and 146 bbls. of Yorks at $4.

|  |  |
|---|---:|
|  | $ 67.50 |
|  | 584.00 |
|  | $ 651.50 |
| Less 5% commissions to you | 32.57 |
|  | $ 618.93 |
| Less commissions at Augusta, Ga. | 15.00 |
|  | $ 603.93 |
| Less 164 bbls. at 70c | 114.80 |
|  | $ 489.13 |

10—192

P. S.—I am picking today about 75 bu. of Albemarle Pippins, this is real nice stock and I want $1.25 per basket of one bushel, f. o. b. Waynesville, N. C. I wish you would see just what you can do with it in your city and let me know at your earliest convenience.

Yours very truly, CHAS. U. MILLER."

On 25 September, F. F. Dodd sent the following telegram to the plaintiff: "Have seen car fruit not a grade and Merry refuses on any terms will endeavor to place car on consignment with reliable dealers if satisfactory to you wire care Walton and Company here.

(Signed) F. C. DODD."

On 26 September, the defendant contended that the plaintiff filed for transmission to F. F. Dodd, Augusta, Ga., the following telegram: "Place car on consignment or sell straight if you can.

(Signed) CHAS. U. MILLER."

This telegram was not received by Dodd. Plaintiff was asked on cross-examination in regard to this telegram: "(Q.) Is not that the telegram you sent? (A). No sir, I don't think it is. It might be, but if I sent him one at all, it was more than that. I don't think that is all of it."

Between the letter of 12 September, and the letter of 17 September, the plaintiff and the defendant had verbally agreed that the plaintiff could fill out the car by substituting a certain number of barrels of Gano's apples.

Did the foregoing transaction constitute a sale by the plaintiff to the defendant, or was the defendant really acting as agent or broker for the plaintiff?

Plaintiff contends that the contract in question is a verbal contract. Upon the other hand the defendant contends that the correspondence constitutes a contract in writing between the parties, and that the written contract supersedes and merges the parol contract sued on.

There are certain well defined principles applicable to the construction of parol and written contracts. These principles, pertinent to the merits of this case, may be classified as follows: 1. Parol testimony cannot be admitted to contradict, add to, or vary a written contract in the absence of fraud, ignorance, mistake or other available defense, warranting a rescission or cancellation. This rule is intended for the "protection of the provident" and not for the "relief of the negligent." *Patton v. Lumber Co.,* 179 N. C., 103; *Watson v. Spurrier,* 190 N. C., 729.

2. If the contract is not one which the law requires to be in writing and a part thereof is oral, evidence of the oral portion is admissible,

if it does not contradict or vary the writing, for the purpose of establishing the contract in its entirety: *Typewriter Co. v. Hardware Co.,* 143 N. C., 97; *Palmer v. Lowder,* 167 N. C., 331; *Henderson v. Forrest,* 184 N. C., 234.

3. If a parol agreement and a written agreement, dealing with identical subject-matter, are totally inconsistent, the written agreement must stand. *Walker v. Cooper,* 150 N. C., 131; *Woodson v. Beck,* 151 N. C., 144; *Colt v. Turlington,* 184 N. C., 137; 6 R. C. L., 923.

There was no objection or exception to the testimony of the plaintiff in regard to the verbal agreement constituting the basis of the suit. If there was a written contract about the same subject-matter between the parties, this testimony in so far as it contradicted or varied the writing would be inadmissible, but, having been admitted, without protest, the objection was waived. *Dobson v. R. R.,* 132 N. C., 901; Wigmore on Evidence, 2 ed., vol. 1, sec. 18, *et seq.*

The determinative proposition therefore is whether or not the writings are totally inconsistent with the verbal contract of sale. The letter of 12 September, from the defendant to the plaintiff confirms the phone conversation between the parties. This statement in writing recognizes the existence and efficacy of the prior verbal agreement. The letter also refers to 5 per cent commission and $15.00 brokerage fee. These items were also contained in the verbal contract. The letter of 12 September, further gave shipping instructions which were in accordance with the verbal agreement as testified to by the plaintiff, and named the price of $4.00 a barrel in accordance with said agreement. The letter of 17 September from the plaintiff to the defendant referred to the same items as well as to the few barrels of Gano's to fill out the car, this also being in accordance with the verbal understanding between the parties. The statement of the account contained in the letter mentioned the same items of brokerage and commission in accordance with the verbal understanding.

The strongest piece of evidence supporting the contention of the defendant is the purported telegram from the plaintiff, dated 26 September, but the plaintiff does not admit either the sending of the telegram or that the language of the purported telegram was correct. As to whether or not this telegram was sent was a question of fact for the jury.

We are therefore of the opinion that the correspondence between the parties is not totally inconsistent with the parol agreement, but that, on the other hand, the correspondence constitutes a written memorial of the verbal agreement and fully recognizes the existence of the verbal contract alleged by the plaintiff.

The charge of the court is not a part of the record and therefore it must be presumed that the jury was correctly instructed as to the

competency and relevancy of evidence, circumstances under which it could be used by them, and as to what extent it could be considered. *S. v. Stancill*, 178 N. C., 685.

It appearing therefore that the jury has answered the issue submitted, under what must be assumed to be a proper charge of the court, the judgment as rendered is sustained.

No error.