RONALD GREENE v. JOHN A. BECHTEL.

(Filed 26 January, 1927.)

**1. Contract—Writing—Parol Evidence.**

Where a contract not required by law to be in writing rests partly in parol, it is competent to show that part of the agreement of the parties not reduced to writing, when it does not vary, alter, or contradict the written part.

**2. Arbitration and Award—Estoppel — Extraneous Matters — Actions—Fraud—Architects.**

Where an architect for the erection of a hotel has agreed that his compensation shall be paid partly in cash and partly in stock of a certain corporation to be formed for a land development by the owner, and under the terms of the contract an arbitration has been had awarding him so much in cash and so much in stock therein, and the defendant sets up the award as final, upon the plaintiff's allegation of fraud, it may be shown by him that the defendant had not conveyed the land to the corporation designated according to his agreement, but to another corporation, and that the shares designated in the award were worthless in consequence.

**3. Arbitration and Award — Optional With Either Party — Contracts—Actions.**

Where a contract provides for arbitration in case of a dispute as to compensation between the owner of a building and his architect, to be demanded at the option of either party, the architect may maintain his action on the contract for services rendered by him thereunder, when neither party has exercised this right.

**4. Same—Pleadings—Amendments — Objections and Exceptions — Contracts—Arbitration—Fraud.**

Where the defendant in an action upon contract defends solely upon the plaintiff's estoppel by an award by arbitration therein provided for, and without exception the court has allowed the plaintiff to amend by setting up fraud resting by parol in connection with the subject, the defendant may not successfully resist judgment for plaintiff under the amended complaint.

**5. Appeal and Error—Issues—Objections and Exceptions.**

Where the issues submitted by the court to the jury are fully determinative of the controversy without prejudice to either party, affording them opportunity to introduce all legal evidence properly involved in the controversy, and are sufficient to support a judgment, the appellant may not complain that other issues should have been submitted without being aptly tendered to the court.

**6. Actions—Damages—Evidence—Value of Lands Before and After a Time Fixed.**

Where the reasonable market value of lands is relevant to the issue as to plaintiff's damages at a certain time, such value before and after that time, within reason, is competent.

APPEAL from *Stack, J.,* and a jury, at Fall Term, 1926, of BUNCOMBE. No error.

This was a civil action instituted by the plaintiff against the defendant on 24 September, 1925, to recover $12,775.00 architect fees alleged to be due the plaintiff by the defendant under a written contract dated 8 April, 1924. The defendant denied the claim and set up as a further defense and as a bar to the action, the stipulation in this written contract to the effect that in case of dispute the matter should be submitted to arbitration, etc., and that therefore this case could not be maintained. The plaintiff thereupon agreed to arbitration, and the matter in dispute was arbitrated and the arbitrators filed their award, awarding the plaintiff $2,406.25 cash, and $3,456.25 in stock, of the Land O'Sky Development Company. The plaintiff thereupon filed amended complaint and demanded the whole amount in cash and the defendant filed answer and denied that he was due the entire amount in cash, and tendered the amount of money and the amount of stock, according to the award of the arbitrators, which plaintiff declined.

The issues submitted to the jury and their answers thereto were as follows:

"1. Did the plaintiff and defendant make and enter into the written contract of 8 April, 1924, as alleged in the answer? Answer: (By consent) Yes.

"2. Was the plaintiff induced to enter into the contract with the defendant and to perform said contract as architect, upon the parol agreement by the defendant, made at the time of the written contract, that he would convey the Stradley Mountain lands (described in pleadings and of which defendant was owner of one-half undivided interest) to the LaFayette Development Company (successor to the 'Land O'Sky Company') for capital stock in the corporation, on the basis of $400 valuation per acre for the 420 acres of land, as alleged in the complaint? Answer: Yes.

"3. If so, did defendant fail to convey said land to the LaFayette Development Company (successor to 'Land O'Sky Development Company') and thereby breach his contract with plaintiff, as alleged in the amended answer? Answer: Yes.

"4. What damages, if any, is plaintiff entitled to recover? Answer: $3,450.00 with interest."

There was a judgment on the verdict, numerous assignments of error were made and appeal to Supreme Court.

Additional facts will be set forth in the opinion.

*Clinton K. Hughes and Mark W. Brown for plaintiff.*
*Thomas S. Rollins for defendant.*

CLARKSON, J.  The plaintiff is an architect and was employed by defendant to perform certain professional services, which "consist of the necessary conferences, the preparation of preliminary studies, working drawings, specifications, large scale and detail drawings," etc.

The defendant was to erect a hotel building on Stradley Mountain, on certain land adjoining Pisgah Forest, seven miles from Asheville, N. C., on the Brevard Road.

Plaintiff and defendant on 8 April, 1924, signed the "Standard Form of Agreement between owner and Architect."  On 2 October, 1925, the defendant wrote plaintiff: "Under the contract entered into between us on 8 April, 1924, it was expressly provided that: '14. Arbitration: All questions in dispute under this agreement shall be submitted to arbitration at the choice of either party,' etc. . . .  This contract was signed by you and me, and a dispute having arisen between us in regard to what compensation, if any, you are entitled to for services alleged to be rendered to me, I hereby demand an arbitration as provided by our contract," etc.

The award was: "We award the plaintiff, Ronald Greene, six thousand nine hundred twelve dollars and fifty cents ($6,912.50), which amount under the terms of the contract is payable 50 per cent in cash and 50 per cent in the stock of the Land O'Sky Development Company. We calculate that the said Ronald Greene should now receive three thousand four hundred and fifty-six dollars and twenty-five cents ($3,456.25) in cash, less one thousand and fifty dollars ($1,050) previously paid in cash by the said John A Bechtel, making the cash settlement now due two thousand four hundred six dollars and twenty-five cents ($2,406.25) and the stock settlement three thousand four hundred and fifty-six dollars and twenty-five cents ($3,456.25), as per contract."

The award was unanimous and signed on 27 October, 1925.  Without exception, the record shows that on 18 November, 1925, the following order was made after reciting the award: "And that defendant has failed to comply with the terms and conditions of said award: It is ordered that plaintiff be allowed to file an amended complaint to the end that there may be a final determination of all matters in controversy between the parties and defendant is allowed twenty days thereafter in which to file answer."

Plaintiff filed amended complaint on 20 November, 1925, and charged actionable fraud against the defendant.  Plaintiff alleged, in substance, that, during the pendency of the action, there was an arbitration and award; that defendant had failed to comply with the terms of the award; that plaintiff was induced to enter into the contract with defendant and to accept stock in the Land O'Sky Development Company for one-half of the amount to which he was entitled for services rendered

upon the assurance and representation by defendant that the Stradley Mountain lands would be conveyed by defendant to the corporation at $400 an acre for an equal amount of par value capital stock in the corporation, and after securing plaintiff's services on the faith of that assurance, the defendant had fraudulently failed and refused to comply with his promise, and had fraudulently conveyed the lands to Stradley Mountain, Incorporated, and as a result the Land O'Sky Development Company or LaFayette Development Company, had no assets whatever; had never organized; had never had any meetings; had "never issued any capital stock, and if plaintiff should be required to accept worthless stock of said corporation for his services so rendered upon the faith of the false and fraudulent representations made by the defendant, the plaintiff would suffer great and irreparable injury." And it was further alleged that if defendant had complied with his agreement and had conveyed the lands to the corporation chartered for that purpose, the stock to which plaintiff was entitled under the award would have been worth in excess of $3,456.25. There is no question about the award in money, but the controversy was over the $3,456.25 stock in the Land O'Sky Development Company.

These allegations were denied by defendant, who says that he is ready, able and willing to comply with the terms of the award and tendered the cash and stock, but plaintiff refused and declined to accept the stock, but has expressed a willingness to accept the money—pleads estoppel, the arbitration and award in bar of the action.

There was conflicting evidence, the jury deciding the issues in favor of plaintiff.

The defendant contends, as a matter of law, that the action cannot be maintained; that the answer to the first issue ended the case as the contract provided that the decision of the arbitrators "shall be a condition precedent to any right of legal action," but the Court submitted three additional issues over the objection and exception of the defendant.

On the other hand, plaintiff contends that the contract provided "Half of the fee to be paid in cash and half in the stock of the Land O'Sky Development Company"; that the written contract only fixed how this money is to be paid, that is, in cash and in stock; but he says there was a further part of the agreement in parol; that the stock that he was to get should be in the Land O'Sky Development Company, and that the defendant agreed that he would convey to that particular company 420 acres of land at a certain value; and he says that that part of the contract was not reduced to writing. . . . The plaintiff further contends that in violation of that parol agreement, the defendant did not convey the 420 acres of land to the Land O'Sky Development Company, or its successors, the LaFayette Development Company, but that he con-

veyed it to another corporation, the Stradley Mountain, Incorporated; that he thereby rendered the stock in the Land O'Sky Development Company worthless; that it was never organized; no stock in it of any value.

The defendant requested the court to charge the jury, "That in no view of the evidence is the plaintiff entitled to recover." This the court refused to do, and in this we think there was no error. This, we consider, is the main contention. The question of arbitration is not material now. That is, "water that has passed over the tail race." The cases cited by defendant we need not consider—there was an arbitration and award.

The court below charged the jury, to which there was no exception, as follows: "When a contract is written, the law will not allow it to be altered, varied from that, or contradicted by parol evidence. When they put their contract in writing, that is the contract, but when a part of the contract is written and a part of it is in parol or verbal, and the verbal part does not alter, vary or contradict the written part, then the party claiming that parol agreement may show it by parol evidence. That if the alleged parol contract in this case was made as claimed that it does not contradict or alter Exhibit A (the agreement between plaintiff and defendant) and may be shown by verbal evidence; that the alleged contract, if made at all, was not within an express agreement, and the plaintiff would not be estopped to set it up by the award of the arbitrators. As the Court construes the written contract between the parties, the arbitration was to fix the amount and the kind of compensation that the plaintiff was to receive, and it does not embrace any further agreement in regard to conveying land to a certain corporation, and, therefore, parol evidence of any such alleged agreement would not vary, alter or contradict the written contract in this case. The arbitration settled the amount of what the plaintiff is entitled to recover, so much cash and so much stock."

Under the facts and circumstances of this case we think the charge correct. In *Anderson v. Nichols,* 187 N. C., at p. 809, citing numerous authorities, it is held: "If the entire contract is not required in writing it may be partly written and partly oral; and in such case if the written contract be put in evidence the oral part also may be proved, if not at variance with the written instrument. It was competent to show that the title to the furniture was to vest in the defendant under the oral agreement, because it was not in conflict with the deed." *Faust v. Rohr,* 167 N. C., p. 360; *Miller v. Farmers Federation,* 192 N. C., 144.

It will be noted under Article 14 of the agreement it says: "All questions in dispute under the agreement shall be submitted to arbitration

*at the choice of either party."* The plaintiff had the right to institute the action without demanding arbitration. After the action was instituted, the defendant chose arbitration and the arbitration and award was "as per contract." There was no exception to the order allowing the amended complaint. The defendant answered and plead estoppel and the arbitration and award in bar. On the parol part .of the contract, which is denied, he did not, if he could, ask for arbitration. This aspect was not considered by either party before the arbitrators. The case was tried out on the theory as set forth in the issues, the defendant lost and cannot now complain to this Court. *Shipp v. Stage Line,* 192 N. C., p. 475.

In *Warren v. Susman,* 168 N. C., at p. 462, it is held: "It is suggested, though, with much confidence, that plaintiff made a binding and irrevocable election in the original complaint, and, therefore, the amendment, which is inconsistent with and repugnant to it, cannot be considered; but no such objection was taken to the pleading by motion to strike out, demurrer, or in any other regular way, which is necessary to raise such a question; and, too, defendant, by not objecting, consented to the amendment and agreed to the submission of the issue as to the value of the land."

The defendant chose for himself the field of Waterloo—he lost the battle.

The witness testified as to the reasonable market value of the land on 8 April, 1924, the date of the contract, and was asked its value 24 September, 1925, when it was conveyed to Stradley Mountain, Inc. We think this evidence somewhat elastic, but competent.

In *DeLaney v. Henderson-Gilmer Co.,* 192 N. C., at p. 652, it was held: "Proof of its value within a reasonable time under the circumstances of the particular case, before and after the injury is competent. *Newsom v. Cothrane,* 185 N. C., p. 161; 8 R. C. L., 487-8-9." In any aspect it was cured on cross-examination. *Cook v. Mebane,* 191 N. C., p. 1.

If the defendant did not consider ·the issues submitted by the court proper or relevant, .it was his duty to tender other issues, .and having failed to do so, he cannot now complain. In *Gross v. McBrayer,* 159 N. C., at p. 374, citing numerous authorities, it is said: "Plaintiff objected to these issues, but tendered no issues himself. It seems to us that the issue submitted by the .court were those made by the pleadings, and if the plaintiff desired any other issue, he should have tendered it. When issues embrace the real matters in dispute and afford an opportunity for the parties to present and develop their contentions, and, when answered, are sufficient to determine the rights of the litigants and to support the judgment, they are sufficient within the requirement

of the statute." *Erskine v. Motor Co.*, 187 N. C., p. 826; *Hooper v. Trust Co.*, 190 N. C., p. 423.

It appears to us on the record, and the jury so found, that the justness and merit of the controversy was with the plaintiff.

From a careful review of the entire record, we can find no prejudicial or reversible error.

No error.