SMITHFIELD MILLS, INCORPORATED, v. E. S. STEVENS AND J. V. OGBURN, COPARTNERS, TRADING AS STEVENS AND OGBURN.

(Filed 15 March, 1933.)

**1. Evidence J a—Parol evidence in this case held competent as being of unwritten part of contract and consistent with written terms.**

Parol evidence is admissible to establish the unwritten part of a contract when such evidence does not contradict the written terms, and the contract is not required by law to be in writing, and in this case parol evidence is held competent to establish an agreement that defendant would put up margin to protect plaintiff from a drop in the price of cotton although each purchasing order was in writing and made no reference to the agreement to put up margin.

2. **Appeal and Error J e—Where party introduces evidence relative to parol agreement he waives exception to adversary's parol evidence.**

Where a party objects to the admission of certain evidence on the ground that it is parol evidence in contradiction of the written terms of a contract, and later introduces testimony denying the matters sought to be established by parol, he waives his exception to the admission of the parol evidence.

3. **Jury C c—**

Where the judgment of the court states that the parties stipulated that the court should find the facts upon exceptions to the referee's report, objections that the issues were not submitted to the jury are untenable.

CIVIL ACTION, before *Grady, J.,* at Spring Term, 1933, of JOHNSTON.

The plaintiff alleged and offered evidence tending to show that on various days in September and October, 1927, it had purchased through the defendants, cotton brokers, several hundred bales of cotton, and that an arrangement for price fixing and marginal requirements, in the event of a decline in the market price of cotton, had been agreed upon. It was further alleged and there was evidence in support of such allegation that the defendants refused to put up the necessary margin, and that as a result the plaintiff was compelled to sell the cotton at a loss amounting to $4,353.66. The defendants denied any breach of contract and specifically denied that they had agreed to put up any margin, and also asserted a counterclaim against the plaintiff.

The cause was referred to Honorable Murray Allen as referee. The parties appeared before the referee and offered proof supporting their respective contentions. The cotton was purchased on written orders which appear in the record. These orders disclose no written agreement to put up margin to protect the plaintiff. The referee filed a clear and comprehensive report setting forth the findings of fact and conclusions of law thereon. In said report it was found that the defendants had breached the contract, and that the plaintiff had suffered damage by reason thereof in the sum of $4,353.66. The referee denied any recovery on the counterclaim. The defendants filed certain exceptions to the findings of fact and conclusions of law, and tendered issues to be answered by a jury. Exceptions 2, 3, 4, and 5 assert that the findings of fact were "contrary to the evidence and against the greater weight thereof. There was evidence in the record to support such findings and these exceptions are not sustained. Exceptions 6, 7, and 8 are based upon the assertion that the findings of fact involved, were deduced from incompetent evidence.

The cause was heard by the trial judge, who declares in the judgment that "it was stipulated by all parties that the presiding judge might review the evidence, consider the exceptions, and render judgment out

of term, to have the same effect as if rendered at term time." Thereupon the trial judge approved and affirmed the findings of fact and conclusions of law made by the referee and rendered judgment for the plaintiff, from which judgment the defendants appealed.

*No counsel for plaintiff.*
*L. G. Stevens and E. J. Wellons for defendants.*

BROGDEN, J. The plaintiff purchased cotton through the defendants and offered evidence tending to prove that they had agreed to put up margin in the event of a decline in price. Each sale was evidenced by a written agreement or sales contract tending to show the number of bales, grade, staple, etc. None of these sales agreements referred to margin or specified that the defendants should undertake to supply the same in the event of a decline in price. The president of plaintiff testified that he notified the defendants about 12 December, that "they would have to put up margin. We had been called on for margin by our New York brokers, and it was their job to put up margin with us to protect us. In consequence of this talk over the phone, Stevens and Ogburn came to Greenville to see us; I told them that we were drawing a draft on them for margin to protect us before they left for Greenville. Upon reaching Greenville, they asked us to accept a note for this margin. I told them that we would be willing to do this provided they would give us a note which we could endorse over to the bank without recourse."

The defendants objected to this testimony upon the theory that it tended to vary, alter or contradict a written agreement. The evidence was competent. The competency of parol evidence, upon states of fact involving written contracts was discussed in *Miller v. Farmers Federation,* 192 N. C., 144, 134 S. E., 407. The Court said: "If the contract is not one which the law requires to be in writing and a part thereof is oral, evidence of the oral portion is admissible, if it does not contradict or vary the writing, for the purpose of establishing the contract in its entirety. If a parol agreement and a written agreement, dealing with identical subject-matter, are totally inconsistent, the written agreement must stand." See, also, *Greene v. Bechtel,* 193 N. C., 94, 136 S. E., 294. The alleged agreement to put up margin in the event of a decline in price is not totally inconsistent with the sales agreements introduced in evidence. Consequently, the ruling of the referee and the trial judge was correct. Furthermore, the defendants offered evidence on direct examination with reference to the agreement for margin. The defendant, Stevens, testified: "We never had any agreement with Mr. Long or anyone representing him, that we would put up margin or keep up any margin with respect to this sale." So that if the evidence was in-

competent in the first instance, the defendants waived the exception when they undertook to introduce evidence on direct examination about the same matter. The governing principle was written in *Willis v. New Bern,* 191 N. C., 507, 132 S. E., 286, in these words: "In other words, the rule is, that if evidence offered by one party is objected to by the adverse party and thereafter the objecting party elicits the same evidence, the benefit of the objection is lost," etc.

Complaint is also made that the issues were not submitted to a jury. However, in the judgment of the Superior Court is the following declaration: "And it was stipulated by all parties that the presiding judge might review the evidence, consider the exceptions and render judgment out of term, to have the same effect as if rendered at term time." Therefore, objections founded on the failure to submit issues to a jury are untenable.

Affirmed.