P. B. CARR AND S. H. CARR, TRADING AS CARR BROTHERS, v. J. FRANK CLARK AND EVA EMMA CLARK, HIS WIFE.

(Filed 11 October, 1933.)

**Bills and Notes C c—Party endorsing note and guaranteeing payment may not show different liability by parol.**

Defendants, husband and wife, being indebted to plaintiff, endorsed a note in which the wife was payee over to the plaintiff, the endorsement being a guarantee of payment and stating that it was signed with full knowledge of the contract. The note was not paid in full, and plaintiff instituted action to recover the balance due. The male defendant was allowed to testify that he had transferred the note over to plaintiff in full settlement of the debt: *Held,* the evidence was incompetent as being in contradiction of the terms of a written instrument, C. S., 3044, and plaintiff is entitled to a new trial on his exception to the court's charge to the jury based upon such evidence.

APPEAL by plaintiff from *Hill, Special Judge,* at July Term, 1933, of AVERY. New trial.

*Watson & Fouts for plaintiffs.*
*Charles Hughes and Burke & Burke for defendants.*

ADAMS, J. It is alleged in the complaint that in the year 1931 the defendants became indebted to the plaintiffs for building material and

are now due them $331.89 with interest thereon from 18 April, 1932. Harrison Houston had previously executed to the defendant Eva Emma Clark a promissory note in the sum of $875 which was secured by a deed of trust on real estate in Washington County, Tennessee. The defendants endorsed the note, delivered it to the plaintiffs, and requested that it be applied to their indebtedness. Certain payments were made and thereafter upon default the property was sold at the price of $400. This amount was credited on the note and, according to the allegations in the complaint, the remainder now due on the note is $331.89, the amount for the recovery of which the present action is prosecuted.

The following endorsement on the back of the notes was signed by the defendants: "We, as endorsers, waive demand, notice, and protest, and guarantee payment of this note, and acknowledge that we sign with full knowledge of this contract."

Subject to the plaintiff's exception, J. Frank Clark, one of the defendants, was permitted to testify that he was not indebted to the plaintiff in any amount and that by agreement with the plaintiffs "I just merely endorsed a note over from myself to them, transferred the title to them, in payment of the $800 on lumber."

This testimony is in direct contradiction of the written agreement as expressed in the endorsement to "guarantee payment of this note . . . with full knowledge of this contract," and for this reason it should have been excluded. C. S., 3044; *Kindler v. Trust Co.,* 204 N. C., 198; *Miller v. Farmers Federation,* 192 N. C., 144; *Lumber Co. v. Sturgill,* 190 N. C., 776. The competency of parol evidence in case of a blank endorsement is adverted to in *Sykes v. Everett,* 167 N. C., 600, and *Bank v. Wilson,* 168 N. C., 557.

We find nothing in the alleged contemporaneous contract that requires or reasonably permits a relaxation of the principle which denies the right to vary or contradict a written contract by parol evidence. The instruction excepted to is based upon the admission of incompetent testimony and for this reason is not in accord with the authorities.

New trial.