R. F. McLAWHON, GENTRY McLAWHON AND BERNICE McLAWHON, TRADING AS R. F. McLAWHON & SONS, v. H. I. BRILEY.

(Filed 31 October, 1951.)

**1. Evidence § 39—**

Prior negotiations are merged into the written contract, and parol evidence is not competent to contradict, vary or add to the terms as expressed in the writing.

**2. Same—**

If only a part of the agreement has been reduced to writing, parol evidence is competent to establish the unwritten part provided it does not contradict that part which has been written.

**3. Same—**

The signing of a receipt for machinery delivered does not preclude the purchaser from introducing parol evidence that the entire agreement was that the seller would deliver such machinery and also equipment to be used with it and without which the machinery delivered would be practically useless.

**4. Contracts § 9: Sales § 9—**

Where the jury finds that the agreement of the seller to deliver certain machinery together with equipment without which the machinery would be practically useless constituted an entire and indivisible contract, the delivery of the machinery alone because of the seller's inability to deliver the equipment contracted for entitles the purchaser to return the machinery delivered and to recover the partial payments made under the contract.

APPEAL by plaintiffs from *Carr, J.,* March Term, 1951, of PITT. No error.

Plaintiff sued for the balance due on certain farm machinery sold and delivered to defendant, consisting principally of a tractor, one 14-inch lift plow and one six-foot mower. The total charge was $1,752.10, on which defendant has paid $1,000, leaving $752.10 alleged to be due and owing.

The defendant admitted the receipt of the articles mentioned, but alleged that the plaintiffs had contracted to sell and deliver to him the tractor with full equipment necessary for use in farming, which included distributor and cultivator and other attachments, without which the tractor could not be profitably used. He alleged the contract for the tractor and full equipment was an entire and indivisible contract; that the plaintiffs delivered the tractor, plow and mower which defendant received and on which he paid $1,000, with the understanding that plaintiffs would obtain the equipment referred to and deliver to him within a few days; that plaintiffs failed to deliver this equipment and finally admitted their inability to do so; that he did not use the tractor and offers to return it upon repayment of the money advanced to them, and that the plaintiffs promised to repay the $1,000, but have not done so.

Plaintiffs replied that defendant had received all the equipment he purchased; that the cultivator and distributor were not included in the price of the machinery sold and delivered, and denied that they promised to refund the money paid by defendant. They alleged that defendant signed a written receipt embodying the contract for the articles delivered, and paid thereon $1,000.

Defendant, over objection, was permitted to testify as to the terms of the contract substantially as alleged in his answer. Issues were submitted to the jury and answered in favor of the defendant finding thereby that plaintiffs had sold the farm machinery described in the complaint under an indivisible contract providing for the sale and delivery of the additional equipment alleged in the answer; that plaintiffs had failed to deliver the additional equipment, and that defendant was entitled to recover $1,000 upon return of the machinery described in the complaint.

From judgment on the verdict, plaintiffs appealed.

*Albion Dunn for plaintiffs, appellants.*
*James & Speight for defendant, appellee.*

Devin, C. J. The plaintiffs challenge the validity of the verdict and judgment below chiefly on the ground that the court permitted oral testimony from the defendant as to the terms of the contract inconsistent with the written receipt signed by defendant when the machinery described in the complaint was delivered to him.

It is a well settled rule that when parties have reduced their agreement to writing parol evidence is not admissible to contradict it for the reason that the written memorial is the best evidence of what the parties have agreed to. *Evans v. Freeman,* 142 N.C. 61, 54 S.E. 847. Prior negotiations are deemed merged in the written contract of the parties, and the law excludes oral testimony which tends to contradict, vary or add to the terms as expressed in the writing. *Potato Co. v. Jenette,* 172 N.C. 1, 89 S.E. 791. Under this rule parol testimony as to communications or declarations of the parties at or before the execution of a written contract will not be received for the purpose of substituting a different agreement for the one expressed in the writing. *Potter v. Supply Co.,* 230 N.C. 1, (9), 51 S.E. 2d 908. But this rule applies only when the entire contract has been reduced to writing, for if merely a part has been written and the remainder rests in parol, it is competent to establish the latter by oral evidence, provided it does not contradict what has been written. *Evans v. Freeman, supra.*

Here, the defendant testified the plaintiffs orally contracted to sell and deliver to them certain farm machinery with necessary equipment; that the contract was entire and indivisible since a part of the machinery contracted for would be practically useless without the remainder; that when a portion of the machinery and equipment was delivered he merely signed a receipt showing that which was actually delivered.

We think the rule invoked by plaintiffs is inapplicable to the facts here shown, and that the evidence to which plaintiffs' exception was directed was competent. The issues submitted to the jury were those arising on the pleadings and testimony.

Defendant's contention that the plaintiffs' inability to deliver the other equipment contracted for and essential for use with the tractor absolved him from obligation to accept and pay for the parts delivered, was upheld by the jury.

Where the contract is entire the obligation imposed stands or falls as a whole (*Oil Co. v. Baars,* 224 N.C. 612, 31 S.E. 2d 854), and defendant would have the right to refuse to accept delivery of a part of the machinery contracted for as a compliance with the entire contract. Hence, the defendant upon return of the parts received would be entitled to recover the partial payments made on the contract, as found by the jury.

We have examined the other exceptions noted and brought forward in plaintiffs' assignments of error and find they afford insufficient ground to disturb the result.

No error.