C. I. T. CORPORATION v. DR. LARRY A. TYREE, DR. JAMES J. RASCHER, AND CLEO H. RAMEY, EXECUTRIX OF THE ESTATE OF FRED A. RAMEY, DECEASED.

(Filed 23 November, 1966.)

**1. Cancellation and Rescission of Instruments § 8—**

Mere averment that a party's signature to the instrument in suit was procured by fraud is insufficient, but it is required that the facts constituting the fraud as well as fraudulent intent affirmatively appear from the pleading.

**2. Evidence § 27—**

Where a party signs an instrument clearly setting forth his liabilities thereunder he may not claim that he was induced to sign it by representation that he would not be bound, since such prior parol representations are in direct conflict with the terms of the written instrument.

APPEAL by defendant Tyree from *Hall, J.,* at April 1966 Term of WAKE Superior Court.

The plaintiff alleges that on 10 December, 1963, Roane-Barker, Inc., leased to the defendants Tyree and Rascher, physicians, certain medical equipment. The lease agreement provided that the defendants would pay to the lessor or its assignee total payments aggregating $4,417.41, of which $104.43 was paid in advance and the

balance was payable in 36 equal monthly installments. Cotemporaneously with the execution of the lease agreement, Fred R. Ramey, in consideration of the lessor's entering into the agreement with the defendants Tyree and Rascher made and delivered to Roane-Barker, Inc., his written guaranty of payment.

Immediately thereafter, for value, Roane-Barker, Inc., sold and assigned to the plaintiff the lease agreement with all its rights, title and interest in and to the medical equipment.

Plaintiff alleges that only one monthly payment of $119.81 was paid in accordance with the terms of said agreement and that the account is now past due for all months since January 10, 1964.

The plaintiff further alleges a second lease agreement between Roane-Barker, Inc., and the defendants Tyree and Rascher entered on 3 March, 1964. The lease agreement was identical to the above lease agreement except that the total payments aggregated $296.94 of which $8.25 was paid in advance and the balance was payable in 35 equal monthly payments. Ramey gave a written guaranty of payment for this lease and Roane-Barker, Inc., assigned it to plaintiff as before. Plaintiff alleges that no payment was made in accordance with the terms of the lease and the account is now past due for all months since 3 March, 1964.

It alleges that demand for payment was made but defendants, including Ramey, refused to make payment. On 12 January, 1965, plaintiff took possession of all the equipment leased under the two leases. The property was sold at auction and the plaintiff now alleges that after applying the proceeds a balance of $2,534.01 is due and unpaid.

The defendant Rascher was not served with summons and Mrs. Ramey as Executrix filed no answer. The defendant Tyree filed an answer in which he set up the defense that he signed the lease upon the statement by Roane-Barker's representative that it would hold Fred Ramey solely liable, and that his signature was required because it could lease the equipment only if signed for by physicians, and that he would not be liable. He claimed this represented fraud in the inducement which estopped plaintiff as assignee to assert any claim against him.

At the trial the plaintiff's demurrer *ore tenus* was upheld and the jury then found defendants indebted to plaintiff as alleged and judgment was signed thereon. The defendant appealed.

*Yarborough, Blanchard, Tucker & Yarborough for plaintiff appellee.*

*Adams, Lancaster, Seay, Rouse & Sherrill for defendant appellant.*

C. I. T. CORPORATION v. TYREE.

PER CURIAM. The plaintiff alleged it was the holder in due course of a lease agreement signed by three persons, one of whom was the defendant. That the lease was in default and that a total of $2,534.01 was due on it.

The defendant made formal denial of the above. His denials were in some instances not very careful of the truth, in that he denied that the property was leased, that the agreement provided for monthly payments or that it was irrevocable. In direct conflict with these denials the defendant in his Further Answer says that his signature on said lease was procured upon a statement by lessor that another signer (Fred Ramey) would be held solely liable and that his signature was required because the equipment could be released only if signed for by a physician. These were his claims by which he sought to plead fraud in the inducement.

The bare claim of fraud is not sufficient — the facts constituting it must be pleaded with particularity. *Colt v. Kimball*, 190 N.C. 169, 129 S.E. 406, arrays the various holdings and says, citing many cases, "The facts relied upon to constitute fraud, as well as the fraudulent intent, must be clearly alleged. * * * Fraud must be charged positively, and not by implication. * * * Fraud must be charged so that all its necessary elements appear affirmatively. * * * It is not sufficient to allege as a conclusion merely that the signature to the contract was procured by fraud and misrepresentation of plaintiff's agent. The facts must appear so that the court, itself, can see that these facts, if found to be true, do constitute fraud."

Here hardly any of the essential elements are pleaded — and especially is there missing any allegation that the inducement was falsely made to the knowledge of the lessor's agent.

Further, the defendant's claim that his signed agreement to be bound by the terms of the lease meant nothing is at complete variance with the law. In *Rankin v. Helms*, 244 N.C. 532, 94 S.E. 2d 651, the present Chief Justice quotes from *Ins. Co. v. Morehead*, 209 N.C. 174, 183 S.E. 606, "It is well nigh axiomatic that no verbal contract between the parties to a written contract, made before or at the time of the execution of such contract, is admissible to vary its terms or to contradict its provisions."

The plaintiff's demurrer *ore tenus* was properly sustained and in the trial there was

No error.