JOBBERS OVERALL COMPANY v. C. S. HOLLISTER COMPANY.

(Filed 3 October, 1923.)

**1. Evidence—Written Contracts—Parol Evidence.**

Matters resting in parol leading up to the execution of a written contract are considered as merged in the written instrument, and may not contradict or vary its terms.

**2. Same—Condition Precedent.**

The rule excluding parol evidence that contradicts or varies a written contract into which it has merged, does not apply when it tends to show a condition precedent to the effectiveness or the operation or binding effect of the written instrument.

**3. Same—Appeal and Error—Prejudice—New Trials.**

The purchaser of goods gave the salesman of the vendor a written order therefor, and offered evidence tending to show that it was agreed that the written instrument should be effective only if he could countermand in time an order for like goods he had theretofore given another concern, which he had been unable to do: *Held*, sufficient as tending to show a condition precedent to the effectiveness of the written instrument, and its exclusion by the trial court was reversible error.

APPEAL by defendant from *Grady, J.,* at May Term, 1923, of CRAVEN.

Civil action to recover the value of certain overalls, alleged to have been sold and delivered to defendant by plaintiff.

From a directed verdict in favor of plaintiff the defendant appealed, assigning errors.

*H. P. Whitehurst and Guion & Guion for plaintiff.*
*Moore & Dunn and R. A. Nunn for defendant.*

STACY, J. Plaintiff's agent secured from the defendant a paperwriting purporting to be an unconditional order for certain overalls to be shipped by plaintiff to defendant. The writing contained the following stipulation: "This contract is not subject to cancellation unless delivery is delayed beyond a reasonable length of time." There is no contention of any delay in delivery.

Defendant denied liability and, upon the trial, offered to show that the order in question was given with the distinct understanding and upon the express condition that the same should not become effective or operative if certain overalls previously ordered from another dealer were received by defendant; and further, that before plaintiff had acknowledged and accepted said order, defendant advised the plaintiff by letter that defendant would receive the overalls previously ordered as aforesaid, and that defendant would and did thereby cancel the order given to plaintiff's agent. Notwithstanding this letter, plaintiff thereafter shipped the overalls and now brings this suit to recover their value as per stipulated price.

All of the defendant's proposed evidence was excluded on objection. Therefore the single question presented by the appeal is the competency or incompetency of the evidence offered by the defendant.

If the evidence in question were offered for the purpose of establishing a condition subsequent, resting in parol, and in direct conflict with the express terms of the written instrument, it was properly excluded. The general rule is, that no verbal agreement between the parties to a written contract, made before or at the time of the execution of such contract, is admissible to vary its terms or to contradict its provisions. All such agreements are considered as varied by and merged in the written contract. "It is a rule too firmly established in the law of evidence to need a reference to authority in its support, that parol evidence will not be heard to contradict, add to, take from or in any way vary the terms of a contract put in writing, and all contemporary declarations and understandings are incompetent for such purpose, for the reason that the parties, when they reduce their contract to writing, are presumed to have inserted in it all the provisions by which they intend to be bound." *Smith, C. J.,* in *Ray v. Blackwell,* 94 N. C., 10.

On the other hand, if defendant's purpose was to show a condition precedent, prior to the happening of which it was agreed the contract should not become effective or operative, the proposed evidence was competent, and it was error to exclude it. *Building Co. v. Sanders,* 185 N. C., 328, and cases there cited. "The manual delivery of an instrument may always be proved to have been on a condition which has not been fulfilled, in order to avoid its effect. This is not to show any modification or alteration of the written agreement, but that it never became operative, and that its obligation never commenced." *Devens, J.,* in *Wilson v. Powers,* 131 Mass., 539.

We think the evidence offered by the defendant brings the instant case within the latter rule and that a new trial must be awarded and another jury impaneled to pass upon the evidence.

New trial.