DILLING COTTON MILLS v. LOWELL COTTON YARN COMPANY.

(Filed 8 December, 1926.)

**Appeal and Error—Reference—Findings of Fact—Evidence—Review.**

> The findings of fact by a referee upon competent evidence affirmed in the Superior Court on appeal thereto, is not reviewable on the further appeal to the Supreme Court.

APPEAL by defendant from judgment of Superior Court of GASTON County, rendered 6 February, 1926, by *Harding, J.* Affirmed.

Action to recover balance due upon account for goods sold and delivered; in defense, defendant pleads as counterclaim damages for breach of contract alleged in the answer. Plaintiff in its reply denies the contract.

From judgment upon report of the referee that plaintiff recover of defendant the sum of $865.67, with interest and costs, defendant appealed to the Supreme Court.

*O. Max Gardner, O. F. Mason, and George B. Mason for plaintiff.*
*Mangum & Denny for defendant.*

PER CURIAM. The referee, to whom this action was referred for trial, found as a fact that "no enforceable contract was entered into by and between the plaintiff and defendant on or about 31 January, 1918, the basis of defendant's counterclaim." He therefore concluded as a matter of law that the defendant is not entitled to recover any damages of plaintiff as a counterclaim. To this finding of fact and conclusion of law defendant excepted. The judge overruled these exceptions, and defendant upon its appeal to this Court assigns same as error.

The referee's conclusion of law that defendant was not entitled to recover damages of plaintiff was manifestly correct, if there was no error in his finding of fact. There was evidence at the hearing before the referee sufficient to support his finding of fact, which was approved by the trial judge. Such finding is therefore not reviewable upon appeal to this Court. *Sanders v. Griffin,* 191 N. C., 453, and cases cited. "It is the accepted position with us that the findings of fact by a referee, concurred in by the judge, are conclusive when there is competent evidence to sustain them." *Comrs. v. Abee Bros.,* 175 N. C., 701. The assignment of error cannot be sustained. The judgment is

Affirmed.