### W. J. CARLTON ET AL. v. CENTRAL OIL COMPANY.

(Filed 28 February, 1934.)

1. **Evidence J a—**

   As a general rule all prior and contemporaneous negotiations of the parties are deemed to be merged in their written contract, and parol evidence of such negotiations is inadmissible to vary the terms of or contradict the written instrument.

2. **Appeal and Error J d: J e—Burden is on appellant to show prejudicial error.**

   The burden is on appellant to show error .on his exception to the admission of parol evidence, and where he has failed to show that such evidence came within the general rule excluding such evidence, and it appears that the error, if any, was cured by an instruction to the jury not to consider the evidence, the judgment will not be disturbed.

APPEAL by defendant from *Devin, J.,* at October Term, 1933, of DURHAM.

Civil action to recover for alleged breach of exclusive right, or franchise granted plaintiffs by defendant to market certain petroleum products controlled by the defendant in Durham County and certain surrounding territory.

Upon denial of liability and counterclaim set up by defendant, there was a verdict and judgment for plaintiffs, from which the defendant appeals, assigning errors.

*J. Elmer Long and Victor V. Young for plaintiff.*
*Brawley & Gantt for defendant.*

STACY, C. J. The appeal presents the single question whether reversible error was committed in allowing plaintiffs to state in their oral testimony, over objection, the substance of the negotiations had between the parties prior to the execution of the written contract, relative to buying or erecting a number of filling stations and furnishing certain equipment, upon the theory that all such preliminary negotiations were merged in the written agreement, and that thereafter parol evidence was inadmissible to vary its terms or to contradict its provisions.

The general rule undoubtedly is, that no verbal agreement between the parties to a written contract, made before or at the time of the execution of such contract, is admissible to vary its terms or to contradict its provisions. All such agreements are considered as varied by

GUY *v.* INSURANCE CO.

and merged in the written contract. "It is a rule too firmly established in the law of evidence to need a reference to authority in its support, that parol evidence will not be heard to contradict, add to, take from or in any way vary the terms of a contract put in writing, and all contemporary declarations and understandings are incompetent for such purpose, for the reason that the parties, when they reduce their contract to writing, are presumed to have inserted · in it all the provisions by which they intended· to be bound."—*Smith, C. J.,* in *Ray v. Blackwell,* 94 N. C., 10. *Overall Co. v. Hollister Co.,* 186 N. C., 208, 119 S. E., 1; *Exum v. Lynch,* 188 N. C., 392, 125 S. E., 15.

But it is nowhere pointed out, with specific definiteness, wherein the testimony of the plaintiffs runs counter to the terms of the written contract or contradicts its provisions or offends against the general rule just stated.

The appellees say in their brief "this testimony did not contradict, vary or add to the terms of a valid written instrument, for the simple reason that there was not any valid written instrument at that time in existence between the parties." But the problem is not quite so simple. Indeed, if this were a valid reason, the rule would be practically meaningless.

We do find, however, in an excursion through the record, that the jury was instructed to disregard the items mentioned by the plaintiffs which were not covered by the written agreement. This would seem to cure any previous error in the admission of testimony. At any rate, no harmful ruling has been made to appear, and on appeal the burden is on appellant to show error, which has not been done in the instant case.

No error.