### BRAXTON B. DAWSON v. WILLIS S. WRIGHT.

(Filed 18 September, 1935.)

**1. Evidence J a—Competency of parol evidence to explain written instrument.**

Parol evidence is inadmissible to vary or contradict the terms of a written instrument, but where a contract is not required by law to be in writing, and a part of it is written and a part is not, parol evidence of the unwritten part, if it does not contradict the writing, is admissible to establish the contract in its entirety.

**2. Same—Parol evidence held competent in this case as tending to establish unwritten part of agreement.**

Parol evidence that credit memorandum given by an automobile dealer was to be used only in the purchase of a new car and not a used car *held* competent, the parol evidence not contradicting the writing, but tending to establish the unwritten part of the agreement.

APPEAL by plaintiff from *Cranmer, J.,* at March Term, of PASQUO-TANK.

Civil action to recover for alleged breach of "Credit Memorandum."

On 14 September, 1933, the plaintiff delivered to the defendant a wrecked Chevrolet car and took in exchange credit memorandum which was to be allowed as a credit or reduction "on the list price or prevailing price of $200.00 on a two-ton Dodge truck (short wheel base) or either $135.00 on a Plymouth four-door sedan. It being optional with the holder of this Credit Memorandum which car or truck he or she wishes to buy."

Thereafter, the plaintiff transferred said credit memorandum to his brother, W. C. Dawson, who presented it as a cash item in an exchange

DAWSON *v.* WRIGHT.

of automobiles with the defendant. The defendant declined to honor the memorandum, contending that it was only to be used in the purchase of a new car or truck; and that such was the understanding of the parties at the time of its issuance. Objection; overruled; exception.

This action is to recover damages for defendant's failure or refusal to honor the credit memorandum under the circumstances of its tender.

From a verdict for defendant, the plaintiff appeals, assigning errors.

*McMullan & McMullan for plaintiff.*
*M. B. Simpson for defendant.*

STACY, C. J. The appeal presents the single question whether reversible error was committed in allowing the defendant to state in his oral testimony, over objection, that it was a part of the understanding between the parties the credit memorandum was to be used and allowed only in the purchase of a new car or truck.

That parol evidence is inadmissible to vary or contradict the terms of a written instrument is so well established in the law of evidence as to be well nigh axiomatic. *Carlton v. Oil Co.,* 206 N. C., 117, 172 S. E., 883; *Coral Gables v. Ayers, post,* 426. On the other hand, it is equally well established that where a contract is not one which the law requires to be in writing, and a part of it is written and a part is not, evidence of the unwritten part, if it does not contradict the writing, is admissible for the purpose of rounding out the agreement or establishing the contract in its entirety. *Henderson v. Forrest,* 184 N. C., 230, 114 S. E., 391; *Palmer v. Lowder,* 167 N. C., 331, 83 S. E., 464; *Typewriter Co. v. Hdwre. Co.,* 143 N. C., 97, 55 S. E., 417; *S. v. McClure,* 205 N. C., 11, 169 S. E., 809.

In *Evans v. Freeman,* 142 N. C., 61, 54 S. E., 847, the two rules are succinctly stated by *Walker, J.,* as follows: "It is very true that, when parties reduce their agreement to writing, parol evidence is not admissible to contradict, add to, or explain it; and this is so, although the particular agreement is not required to be in writing, the reason being that the written memorial is considered to be the best, and therefore is declared to be the only evidence of what the parties have agreed, as they are presumed to have inserted in it all the provisions by which they intended or are willing to be bound. *Terry v. R. R.,* 91 N. C., 236. But this rule applied only when the entire contract has been reduced to writing, for if merely a part has been written, and the other part has been left in parol, it is competent to establish the latter part by oral evidence, provided it does not conflict with what has been written."

On the trial, the latter rule was thought to be applicable to the facts of the instant case. With this we agree. It is not discernible in what particular the testimony of defendant runs counter to the terms of the written instrument. Indeed, some of its language lends color to the defendant's understanding. The matter was properly submitted to the jury. The verdict and judgment will be upheld.

No error.