JEFFERSON STANDARD LIFE INSURANCE COMPANY v. GARRETT MOREHEAD ET AL.

(Filed 22 January, 1936.)

1. **Evidence J a—Parol evidence is not admissible to vary terms of written instrument.**

No verbal agreement between the parties to a written contract, made before or at the time of the execution of such contract, is admissible to vary its terms or to contradict its provisions. The exceptions to the general rule are enumerated and discussed by *Stacy, C. J.*

2. **Same—Testimony of verbal agreement that instrument should not become effective until happening of condition held competent.**

The payee of a note instituted action against the endorsers thereon. The note contained a stipulation that the endorsers should be bound regardless of who did or who did not endorse said instrument with them. Defendants alleged and offered evidence of a verbal agreement with the payee's *alter ego* that the note should not be delivered until twenty-five members of the fraternity executing the note had endorsed same, including a certain named member of the fraternity. *Held:* The agreement was. as to a condition precedent to the effectiveness of the instrument and the terms of the endorsement, and evidence of the agreement was competent as to all endorsers who had not participated or acquiesced in the delivery of the note or who had not ratified its delivery .prior to endorsement by twenty-five members of the fraternity, since as to them the terms of the endorsement in conflict with the verbal agreement never became effective. The distinction is pointed out when the instrument becomes effective, in which case its terms may not be contradicted by parol.

APPEAL by defendants from *Pless, J.,* at August Term, 1935, of GUILFORD.

Civil action to recover from endorsers $4,700, balance alleged to be due on a promissory note, executed by Alpha Mu Building Corporation to plaintiff, 15 March, 1930, and now owned and held by plaintiff.

In the spring of 1930 the Alpha Mu chapter of the Kappa Sigma fraternity was desirous of building a chapter house for the use of the fraternity at Chapel Hill. Negotiations were had with the Jefferson Standard Life Insurance Company for a loan of $5,000. "The financing of the arrangement," according to plaintiff's president, was "to be made with John Umstead." He was the *alter ego* of the plaintiff in the transaction. The loan was to be secured by deed of trust on real estate, and the understanding was that the note would not be delivered until twenty-five members of the fraternity had endorsed it, including Mr. Charles T. Woollen. Umstead, with knowledge of this understanding, and as a party to it, assisted in getting the signatures of the fraternity members.

Only seven endorsers were actually secured before the note was delivered, and Mr. Woollen was not among them.

The pertinent part of the endorsement, appearing on the back of the note, is as follows:

"We, the undersigned endorsers of this note, . . . hereby agree to remain and continue bound for the payment of the principal and interest provided for by the terms of this note, irrespective of and without regard to any agreement or agreements relative to other endorsement, or without regard to who, in addition to ourselves, may or may not endorse this note."

The defendants tendered the following issue, which was raised by the pleadings and supported by testimony duly proffered:

"Was it a condition that the note sued upon should not be delivered until 25 members of the fraternity had endorsed the same, including Mr. Charles T. Woollen?"

The court declined to submit the issue, ruled out the defendants' proffered testimony, directed a verdict for plaintiff, and entered judgment accordingly.

Defendants appeal, assigning errors.

*Smith, Wharton & Hudgins for plaintiff.*
*Manning & Manning and R. M. Gantt for defendants.*

STACY, C. J. The proffered testimony of the defendants was excluded upon the theory that it runs counter to the terms of their written endorsement. *White v. Fisheries Products Co.,* 183 N. C., 228, 111 S. E., 182; *Bank v. Dardine,* 207 N. C., 509, 177 S. E., 635.

It is well-nigh axiomatic that no verbal agreement between the parties to a written contract, made before or at the time of the execution of such contract, is admissible to vary its terms or to contradict its provisions. *Dawson v. Wright,* 208 N. C., 418, 181 S. E., 264; *Coral Gables v. Ayres,* 208 N. C., 426, 181 S. E., 263; *Carlton v. Oil Co.,* 206 N. C., 117, 172 S. E., 883; *Overall Co. v. Hollister,* 186 N. C., 208, 119 S. E., 1; *Ray v. Blackwell,* 94 N. C., 10. As against the recollection of the parties, whose memories may fail them, the written word abides. *Walker v. Venters,* 148 N. C., 388, 62 S. E., 510. The rule undoubtedly makes for the sanctity and security of contracts. *Thomas v. Carteret,* 182 N. C., 374, 109 S. E., 384; *Boushall v. Stronach,* 172 N. C., 273, 90 S. E., 198; *Rousseau v. Call,* 169 N. C., 173, 85 S. E., 414; *Woodson v. Beck,* 151 N. C., 144, 65 S. E., 751.

On the other hand, there are a number of seeming exceptions, more apparent than real perhaps, as well established as the rule itself. *Roebuck v. Carson,* 196 N. C., 672, 146 S. E., 708. The decisions are to the

effect that the rule which prohibits the introduction of parol testimony to vary, modify, or contradict the terms of a written instrument, is not violated:

First, by showing a conditional delivery of said instrument. *Thomas v. Carteret Co.,* 182 N. C., 374, 109 S. E., 384; *Garrison v. Machine Co.,* 159 N. C., 285, 74 S. E., 821; *Kernodle v. Williams,* 153 N. C., 475, 69 S. E., 431.

Second, by showing failure of consideration. *Williams v. Chevrolet Co., ante,* 29; *Chemical Co. v. Griffin,* 202 N. C., 812, 164 S. E., 577; *Swift & Co. v. Aydlett,* 192 N. C., 330, 135 S. E., 141; *Pate v. Gaitley,* 183 N. C., 262, 111 S. E., 339; C. S., 3008.

Third, by showing mode of payment and discharge as contemplated by the parties, other than that specified in the instrument. *Bank v. Rosenstein,* 207 N. C., 529, 177 S. E., 643; *Kindler v. Trust Co.,* 204 N. C., 198, 167 S. E., 811; *Wilson v. Allsbrook,* 203 N. C., 498, 166 S. E., 313; *Stockton v. Lenoir,* 198 N. C., 148, 150 S. E., 886; *Bank v. Winslow,* 193 N. C., 470, 137 S. E., 320.

Fourth, by showing that one, ostensibly a joint promisor or obligor, is in fact a surety. *Furr v. Trull,* 205 N. C., 417, 171 S. E., 641; *Barnes v. Crawford,* 201 N. C., 434, 160 S. E., 464; *Welfare v. Thompson,* 83 N. C., 276.

Fifth, by showing that an instrument apparently under seal is a simple contract; provided there is no recital of a seal in the instrument, such as "witness my hand and seal," and it is not required by law to be under seal. *Williams v. Turner,* 208 N. C., 202, 179 S. E., 806; *Baird v. Reynolds,* 99 N. C., 469, 6 S. E., 377; *Yarborough v. Monday,* 14 N. C., 420. Of course, in any event, the maker would have the burden of overcoming the presumption arising from the presence of a seal.

Sixth, by showing the whole of a contract, only a part of which is in writing, provided the contract is not one required by law to be in writing and the unwritten part does not conflict with the written. *Dawson v. Wright, supra; Henderson v. Forrest,* 184 N. C., 230, 114 S. E., 391; *Evans v. Freeman,* 142 N. C., 61, 54 S. E., 847.

Seventh, by showing a subsequent parol modification, provided the law does not require a writing. *Grubb v. Motor Co., ante,* 88; *Fertilizer Co. v. Eason,* 194 N. C., 244, 139 S. E., 376; *McKinny v. Matthews,* 166 N. C., 576, 182 S. E., 1036; *Freeman v. Bell,* 150 N. C., 146, 63 S. E., 682.

Eighth, by engrafting parol trust on legal title, provided the confidence or declaration is not one in favor of grantor. *Jones v. Jones,* 164 N. C., 320, 80 S. E., 430; *Gaylord v. Gaylord,* 150 N. C., 222, 63 S. E., 1028; *Avery v. Stewart,* 136 N. C., 426, 48 S. E., 775; *Sykes v. Boone,* 132 N. C., 199, 43 S. E., 645; *Wood v. Cherry,* 73 N. C., 110. In such

case, clear, strong, and convincing evidence is required. *Speas v. Bank,* 188 N. C., 524, 125 S. E., 398; *Coxe v. Carson,* 169 N. C., 132, 85 S. E., 224; *Lamb v. Perry,* 169 N. C., 436, 86 S. E., 179.

In the instant case the defendants sought to show a contemporaneous oral agreement that the note was not to be delivered, or to become effective as to them, until twenty-five endorsers had been secured. The trial court was of opinion that this evidence was in conflict with the written endorsement. The position is correct as to any endorser, if any, who participated in the delivery of the note or who acquiesced in its delivery prior to its endorsement by twenty-five members of the Alpha Mu fraternity, or who thereafter ratified such delivery. *Thomas v. Carteret, supra.* The moment the instrument became effective with the knowledge and consent of any endorser, it was no longer open to him to contradict the terms of his written endorsement. *White v. Fisheries Co., supra.*

But with respect to those endorsers who, to the knowledge of plaintiff's *alter ego,* never agreed or assented to a delivery of the note prior to its endorsement by twenty-five members of the fraternity, a different principle prevails, for, as to them, the terms of the endorsement never became effective. *Building Co. v. Sanders,* 185 N. C., 328, 117 S. E., 3.

"It is fully understood that although a written instrument purporting to be a definite contract has been signed and delivered, it may be shown by parol evidence that such delivery was on condition that the same was not to be operative as a contract until the happening of some contingent event, and this on the idea, not that a written contract could be contradicted or varied by parol, but that until the specified event occurred, the instrument did not become a binding agreement between the parties." *Bowser v. Tarry,* 156 N. C., 35, 72 S. E., 74.

The case of *White v. Fisheries Co., supra,* cited by plaintiff as controlling, is distinguishable by reason of the fact that in the cited case plaintiff sought to recover for breach of a contemporaneous oral agreement, and set up the amount of his note, which he was compelled to pay, as the measure of damages. There was an endorsement on the back of the note in conflict with the alleged parol agreement. When a written instrument becomes effective, its terms may not be contradicted by parol. Until this time, however, its terms are not operative. *Kelly v. Oliver,* 113 N. C., 442, 18 S. E., 698. Herein lies the distinction between the cases cited by plaintiff and the present case. "The parties to a written contract may agree that until the happening of a condition, which is not put in writing, the contract is to remain inoperative"—Anson on Contracts (Am. Ed.), 318. To like effect are the decisions in *Farrington v. McNeill,* 174 N. C., 420, 93 S. E., 957; *Garrison v. Machine Co.,* 159 N. C., 285, 74 S. E., 821; *Gaylord v. Gaylord,* 150 N. C., 222, 63 S. E., 1028; *Hughes v. Crooker,* 148 N. C., 318, 62 S. E., 429; *Aden v. Doub,*

146 N. C., 10, 59 S. E., 162; *Pratt v. Chaffin,* 136 N. C., 350, 48 S. E., 768. "The manual delivery of an instrument may always be proved to have been on a condition which has not been fulfilled, in order to avoid its effect. This is not to show any modification or alteration of the written agreement, but that it never became operative, and that its obligation never commenced"—*Devens, J.,* in *Wilson v. Powers,* 131 Mass., 539.

The defendants were entitled, under the pleadings and proof, to have the issue tendered by them submitted to the jury, with proper instructions from the court.

It will be noted the action is between the original parties, and the question of contribution is not involved.

New trial.