WARREN A. SMITH v. ATLANTIC JOINT STOCK LAND BANK OF RALEIGH.

(Filed 22 September, 1937.)

1. **Appeal and Error § 37e—**

   Findings of fact by a referee approved by the judge are conclusive on appeal when supported by any competent evidence.

2. **Appeal and Error § 40a—**

   Upon appeal from judgment supported by findings of fact of the referee approved by the judge, the Supreme Court must determine only whether there was any evidence to support the findings.

---

---

3. **Contracts § 22: Master and Servant § 9—Evidence held sufficient to support finding that plaintiff was to receive commissions on all sales of real estate made in his district.**

Plaintiff introduced in evidence a letter from defendant employer, 30 March, 1932, stating he was to receive a certain salary plus commissions on approved real estate sales, and testified in explanation thereof that he was assigned a definite territory, and that it was agreed he should receive commissions on all real estate sales within the territory. Plaintiff also introduced a letter written by defendant about a year later stating that defendant had decided that no more commissions should be paid its district employees except on sales actually made by them or their assistants. Defendant introduced in evidence a statement signed by plaintiff 24 February, 1933, stating that he was to receive commissions only on sales actually made by him. *Held:* Plaintiff introduced some evidence sufficient to sustain the finding of the referee that it was agreed he should receive commissions on all real estate sales made in his district, and his inconsistent statement introduced by defendant does not preclude such finding, the conflicting evidence being for the trier of fact.

STACY, C. J., dissenting.

BARNHILL and WINBORNE, JJ., concur in dissent.

APPEAL by defendant from *Frizzelle, J.,* at June Term, 1937, of WILSON. Affirmed.

Action to recover commissions alleged to be due plaintiff on certain real estate sales under contract of employment by defendant.

The cause was heard by a referee. The plaintiff offered evidence tending to show that prior to 30 March, 1932, he had been employed by the defendant, as field manager and collector, and that on that date he received the following letter from the defendant: "Beginning April 1st, your salary will be $175.00 per month and expenses, together with two and one-half per cent commission on approved real estate sales. Irving F. Hall, Executive Vice President." He testified that the territory assigned him consisted of the counties of Bladen, Cumberland, Hoke, Lee, Montgomery, and Moore, and that it was agreed he should receive commissions on all sales of real estate within said territory whether made by him and his assistants or by other representatives of the defendant; that this arrangement and understanding continued up to 7 April, 1933, when he received the following communication: "In the past, it has been the practice for the fieldman in charge of each district to receive 2½% commission on the sale of farms in his district. Because of the large expense of the sales division and the small amount of sales we are receiving, the executive committee ruled that no more commissions will be paid to a district man unless he is directly responsible for the sale either by his own efforts or through the efforts of a 'bird dog' (assistant) that he has worked with."

Plaintiff continued in the employment of defendant until his services were terminated 15 August, 1933. Defendant paid plaintiff for all

salary and commissions due, except for sales in plaintiff's territory which were made by other representatives of defendant during the period prior to 7 April, 1933.

The defendant contended, and offered evidence tending to show, that the agreement for commissions embraced only those sales made by the plaintiff and his assistants, and did not include commissions on sales by other representatives of defendant. Defendant placed in evidence a memorandum signed by plaintiff, dated 24 February, 1933: "Statement of employment of Warren A. Smith, by the Atlantic Joint Stock Land Bank of Raleigh. I understand that I am employed by the Atlantic Joint Stock Land Bank of Raleigh on a monthly salary of $175.00, plus subsistence while I am on duty away from my post of duty. This salary and subsistence is payable semimonthly. I furthermore understand and agree that I am to receive 2½% commissions on gross sales price on all land sales which I turn in to the bank and which are accepted by it. . . . I will submit with each and every contract which I submit to the bank a 'Salesman's Commission Report' showing the amount of commission and to whom to be paid. I also agree that in the event that after a contract has been approved by the bank it develops that the bank is liable for commissions to some party, or parties, other than those named in the 'Salesman's Commission Report,' the additional commission for which the bank is liable is to be charged to my commission account with the bank. I also understand that the above terms will apply to all sales which I have made during the time I have been employed by the bank. Warren A. Smith."

Defendant offered evidence showing that commissions had been paid and accepted by plaintiff only for those sales made by him and his assistants, and that no additional claim was made by him until he was discharged, shortly before this suit was begun, and that the language used in the memorandum of 7 April, 1933, was due to an error on the part of the writer.

The referee found that the contract between the parties was as contended by plaintiff, to wit: $175.00 per month and expenses, together with 2½% commission on all approved real estate sales in plaintiff's territory during the period from 1 April, 1932, to 7 April, 1933, and that defendant was indebted to plaintiff for unpaid commissions in the sum of $987.75 and interest.

Upon exceptions filed, the cause was heard by the judge of the Superior Court, who adopted the findings of fact and conclusions of law of the referee, and entered judgment for the amount so ascertained. Defendant appealed.

*W. A. Lucas* for plaintiff.
*Arch T. Allen* and *McLean & Stacy* for defendant.

Devin, J. The rule is established in this jurisdiction that findings of fact by a referee, concurred in by the judge, are conclusive when there is competent evidence to sustain them. *Cotton Mills v. Yarn Co.,* 192 N. C., 713; *Story v. Truitt,* 193 N. C., 851.

Hence, the only question presented by this appeal is whether there was any evidence to support the finding of the referee, approved by the court below, that the plaintiff was entitled to commissions on all approved real estate sales in his territory during the period from 1 April, 1932, to 7 April, 1933. It is obvious that the testimony of plaintiff, the letter of 30 March, 1932, and the memorandum of 7 April, 1933, constitute some evidence supporting this finding.

But the defendant insists that the statement signed by plaintiff on 24 February, 1933, shows a different understanding and is inconsistent with plaintiff's claim, at least after that date.

It will be noted, however, that plaintiff testified in explanation and amplification of the letter of 30 March, 1932, that certain definite territory was assigned to him, and that the agreement for compensation included payment of commissions on all approved real estate sales within that territory, and that this evidence, together with the language of the memorandum of 7 April, 1933, which purported to change the previous rule and to limit commissions thereafter to those directly responsible for sales, sustains plaintiff's claim, and it cannot be held as a matter of law that an inconsistent statement made by him on 24 February, 1933, would have the effect of overthrowing all of plaintiff's evidence. Judgment of nonsuit could not be sustained upon that statement alone (*Hadley v. Tinnin,* 170 N. C., 84), and hence, however persuasive the language of the statement, the trier of the facts was not thereby necessarily precluded from finding for the plaintiff on other competent evidence.

The judgment of the court below must be
Affirmed.

Stacy, C. J., dissenting: The letter of 30 March, 1932, as amplified by the "Statement of Employment" signed by plaintiff on 24 February, 1933, definitely fixes the plaintiff's salary and commissions on all sales made by him during the time he was employed by the defendant. To this extent, then, the contract is in writing. Its provisions are clear and unambiguous. Parol testimony is not admissible to vary or to contradict its terms. *Ins. Co. v. Morehead,* 209 N. C., 174, 183 S. E., 606; *Dawson v. Wright,* 208 N. C., 418, 181 S. E., 264. As against the recollections of the parties, whose memories may fail them, the written word abides. *Walker v. Venters,* 148 N. C., 388, 62 S. E., 510. It is conceded that according to plaintiff's own written "Statement" he has no cause of action.

Nor is this all. The parties themselves, during the peaceful life of the contract, indeed, during the whole life of the contract, interpreted it according to the written word, and so applied it in its practical operation. *Markham v. Improvement Co.,* 201 N. C., 117, 158 S. E., 852; *Hood, Comr., v. Davidson,* 207 N. C., 329, 177 S. E., 5.

In its essential features, the case of *Cole v. Fibre Co.,* 200 N. C., 484, 157 S. E., 857, is very much like the one at bar. There the practical interpretation of the contract by the parties during its peaceful performance was held to be binding on the plaintiff, the Court remarking: "Finally, we may safely say that in the construction of contracts, which presents some of the most difficult problems known to the law, no court can go far wrong by adopting the *ante litem motam* practical interpretation of the parties, for they are presumed to know best what was meant by the terms used in their engagements. Anson on Contracts, p. 436." See, also, *Holland v. Dulin,* 206 N. C., 211, 173 S. E., 310.

When parties enter into a doubtful contract and later interpret their agreement in writing, such interpretation becomes a part of the undertaking. *Cole v. Fibre Co., supra.* This interpretation or written understanding is not simply evidence, contradictable at will, as plaintiff contends, but it is a part of the contract. 6 R. C. L., 851.

In the present action, plaintiff sues to recover commissions on sales which he never made, and this in the face of his written agreement to the contrary. The position which he now takes was never suggested while he was in the employ of the defendant, and not until after his discharge and he had been paid in full for his services. It is obviously an afterthought. The law as heretofore declared is against his recovery.

BARNHILL and WINBORNE, JJ., concur in dissent.