HARVEY H. STEWART v. W. H. THROWER.

(Filed 24 November, 1937.)

**1. Landlord and Tenant § 15: Evidence § 39—**

Where a lease provides that it should terminate on a certain day unless extended by a written agreement of the parties, evidence of a parol extension is incompetent as being in contradiction of the written instrument.

**2. Landlord and Tenant § 19—After sale of leased lands and notice to lessee by purchaser, lessor has no authority to extend lease.**

Where the purchaser of leased lands notifies the lessee and gives notice for him to quit the premises at the expiration of the lease, both prior and subsequent to the execution of the deed, the original owner has no authority to extend the lease, and a letter written by it some two months after the execution of the deed, giving notice to the lessee to quit at a date subsequent to the expiration date of the lease, is incompetent in the purchaser's action in ejectment.

APPEAL by defendant from *Olive, Special Judge,* at June Special Term, 1937, of MECKLENBURG. No error.

*Whitlock, Dockery & Shaw for plaintiff, appellee.*
*J. D. McCall, J. C. Newell, and Louis Hunter for defendant, appellant.*

PER CURIAM. This is an action in summary ejectment instituted before a justice of the peace and tried on appeal in the Superior Court. The issues were answered in favor of the plaintiff, and from judgment in accord therewith the defendant appealed to the Supreme Court, assigning errors.

The evidence tended to show that on 6 March, 1936, the Greensboro Joint Stock Land Bank entered into a written lease to the defendant of a farm in Mecklenburg County, "for the period of time, beginning with the date of this indenture and ending on the 1st day of December, 1936, and no longer, unless a written agreement is entered into between the parties hereto"; that in September, 1936, plaintiff negotiated for the purchase of the farm, and on 1 October, 1936, received a deed therefor from said land bank, which deed was duly put to record; that prior and subsequent to the placing of the deed of record plaintiff notified the defendant to quit possession of the premises on 1 December, 1936, and that defendant has refused so to do; and that this action was commenced on 9 December, 1936.

Appellant assigns as error the refusal of the court to permit him to testify in effect that he had an oral agreement with the agent of the land bank at the time he signed the lease that he could remain on the property till 1 January, 1937. This assignment cannot be sustained, as to have admitted the testimony would have been to admit oral testimony to vary and contradict the terms of the written instrument. This is contrary to the rule with us. *Dawson v. Wright,* 208 N. C., 418, and cases there cited.

Appellant further assigns as error the refusal of the court to admit in evidence a letter received by him through the United States mails from the Greensboro Joint Stock Land Bank dated 28 November, 1936,

notifying him to quit possession on or before 1 January, 1937. This letter was incompetent, since it was written nearly two months after the land had been sold to plaintiff by the land bank, and after the defendant knew that the plaintiff had purchased the land, and after the plaintiff had given defendant notice to quit possession on 1 December, 1936. The land bank, having sold the land, was without authority to extend the expiration date of the lease from 1 December, 1936, to 1 January, 1937.

Upon the competent evidence, the judge committed no error in charging the jury that if they found the facts to be as shown by all the evidence they should answer the issues in favor of the plaintiff.

No error.