PILOT LIFE INSURANCE COMPANY v. F. R. GUIN.

(Filed 1 February, 1939.)

**Bills and Notes § 22: Evidence § 40—**

In an action on a note, parol evidence which tends to show a supplemental agreement between the parties that the note was to be paid only out of commissions due or to become due from the payee to the maker, is competent.

APPEAL by defendant from *Bivens, J.,* and a jury, at 21 March, 1938, Civil Term of GUILFORD. New trial.

This is a civil action tried before his Honor, E. C. Bivens, J., and a jury, at the 14 March, 1938, Term of Superior Court of Guilford County.

Plaintiff brings this action to recover of defendant the sum of $1,241.43, evidenced by an alleged promissory note dated 1 June, 1933. The defendant admitted the execution of said note but denied liability on the following grounds: (1) That said note was conditionally delivered; (2) that there was a failure of consideration; (3) that said note did not contain the terms and conditions of the payment and/or discharge as contemplated by the parties; (4) that said note only contained a part of the contract between the parties; (5) that said note was barred by the statute of limitations. The defendant also set up a counterclaim against the plaintiff, upon which plaintiff denied liability and pleaded the statute of limitations. There was a judgment for the plaintiff and the defendant excepted, assigned error and appealed to the Supreme Court.

*Smith, Wharton & Hudgins and E. P. Dameron for plaintiff.*
*A. C. Davis for defendant.*

CLARKSON, J. The defendant introduced the following witness: Charles C. Wimbish testified: "My name is Chas. C. Wimbish and I was in the insurance business on July 1, 1932, being general manager of Pilot Life Insurance Company. I am the person who made this contract between the Pilot Life Insurance Company and Mr. Guin. Q. State whether or not subsequent to the execution of this contract I just asked you about and before the execution of the note sued on in this action, you had an understanding and an agreement with Mr. Guin, the defendant in this action, by the terms of which certain advances were to be made to him by the Pilot Life Insurance Company and charged only against commissions earned by Mr. Guin. A. Yes, sir. . . .

The contract was made with this understanding, that all moneys paid to Mr. Guin were to be an advance against his total commission earnings, and later I wrote him a supplementary letter putting that in writing. In a number of cases he came to my office and discussed with me—it was the same thing at all times, and I have no knowledge of any other arrangements ever being made. The supplemental agreement made with Mr. Guin was shortly after the execution of the original contract, at the time he was in Wilson, N. C. As a part of the consideration for the advancements made to Mr. Guin he was to perform the duties of general agent, which included handling of the company's business in that territory, whatever it might be, collecting, calling on policyholders to see about lapses, various and sundry other things which, of course, he would not receive any compensation from other than through money which we might advance him. Under the terms of that contract Mr. Guin was never required to pay any sum whatever for any part of advances made to him back to the Pilot Life Insurance Company in the event his commissions were insufficient to pay the advances in full so long as I was with the company as agency manager."

The plaintiff objected to the above testimony of Charles C. Wimbish. The objection was sustained and defendant excepted and assigned error. We think this and the testimony of defendant and like evidence which was ruled out on the trial, to which exception and assignment of errors were duly made by defendant, should have been allowed. *Bank v. Rosenstein,* 207 N. C., 529; *Insurance Co. v. Morehead,* 209 N. C., 174.

For the reasons given, in the judgment of the court below there was error.

New trial.