FRANK J. CLIFFORD, AND DOLORESE R. CLIFFORD v. RIVER BEND PLAN-
TATION, INC.

No. 823SC1280

(Filed 3 April 1984)

Contracts § 26.1— contract for sale of home—insufficient evidence of warranty against flooding

In an action arising from the sale of a house and lot, the trial court erred in failing to grant defendant's motion to dismiss as to a claim for breach of warranty against flooding where the contract did not provide for warranties against flooding or for materials and workmanship; where the contract provided that it was the entire contract between the parties; and where conversations between plaintiff and defendant's agent subsequent to the signing of the

contract which concerned whether the house was subject to flooding did not create an express warranty against flooding.

Judge EAGLES dissenting.

APPEAL by plaintiffs and defendant from *Smith, Judge.* Judgment entered 10 July 1982 in Superior Court, CRAVEN County. Heard in the Court of Appeals 26 October 1983.

This is an action arising from the sale of a house and lot in New Bern. The case has previously been in this Court. *See Clifford v. River Bend Plantation,* 55 N.C. App. 514, 286 S.E. 2d 352 (1982). The claims of the plaintiffs pertinent to this appeal are for breach of warranty as to materials and workmanship on the house, personal injury to plaintiffs for breach of warranty, and breach of express warranty as to flooding of the premises.

The evidence showed that the defendant owned a house and lot which it had purchased from a third party. This house and lot were sold to the plaintiffs pursuant to a written sales contract dated 19 March 1976 which contained the following paragraph:

"Buyer hereby acknowledges that he has inspected the above described property, that no representations or inducements have been made other than those expressed herein, and that this contract contains the entire agreement between all parties hereto."

The written contract did not contain a warranty against flooding or for materials and workmanship.

Prior to the trial the court granted a motion in limine prohibiting the plaintiffs from introducing evidence of personal injuries sustained as a result of a breach of warranty. The plaintiffs' evidence showed that after they moved into the house there was flooding under it and that some of the materials and workmanship were not as warranted. The court granted the defendant's motion to dismiss as to the claim for breach of warranty as to materials and workmanship. The jury awarded the plaintiffs damages for breach of warranty against flooding.

Plaintiffs and defendant appealed.

*Perdue, Voerman and Alford, by David P. Voerman, for plaintiff appellants and appellees.*

*White, Allen, Hooten, Hodges and Hines, by John M. Martin, for defendant appellant and appellee.*

WEBB, Judge.

This case brings to the Court questions involving the parol evidence rule. The parol evidence rule is not a rule of evidence but of substantive law. *See* E. Allan Farnsworth, *Contracts*, 447 *et seq.* (1982) for an excellent discussion of the rule. If parties agree to integrate all prior and simultaneous negotiations into a contract, the contract governs their relationship and anything which varies or adds to it is irrelevant. In this case the parties signed a written contract which provided that it was the entire contract between the parties. We conclude from this that the parties intended to integrate all prior and simultaneous negotiations into the contract. The contract did not provide for warranties against flooding or for materials and workmanship. Under our law, there was no warranty for either of them. For this reason it was proper to grant the defendant's motion to dismiss as to the claim for breach of warranty as to materials and workmanship. It was error not to grant the defendant's motion to dismiss as to the claim for breach of warranty against flooding.

The plaintiffs argue that all the evidence shows that there were warranties. They argue that the contract should be interpreted to give effect to the entire agreement and it is evident that the parties intended that there be warranties. The difficulty with this argument is that when the parties executed a contract which integrated all prior and simultaneous agreements, any evidence which varied or added to its terms could not be considered whether or not such evidence was admitted with or without objection. To hold otherwise, we would have to rewrite the contract, which we cannot do.

The plaintiffs contend that the warranty against flooding was made after the contract was executed and such warranty may be proved. *See Insurance Co. v. Morehead,* 209 N.C. 174, 183 S.E. 606 (1935). They base this argument on testimony by Frank J. Clifford that he dealt with J. Frank Efird, president of the defendant, in negotiating the contract of sale. Mr. Clifford testified that when

Mr. Efird accepted the plaintiffs' offer to purchase the property, he asked Mr. Efird whether it was subject to flooding, and Mr. Efird told him it was not and that the ground was damp under the house because the plumbing system under the house had been drained. Mr. Clifford testified that he relied on this statement in purchasing the property. He testified further that on 12 June 1976 he discussed the flooding problem with Mr. Efird who told him they had nothing to worry about, that "he would take care of the whole matter; and the house was warranted." We do not believe this evidence supports a finding that a warranty against flooding was given after the contract was executed. We believe we are bound to hold under *Griffin v. Wheeler-Leonard & Co., Inc.*, 290 N.C. 185, 225 S.E. 2d 557 (1976) that the statement to Mr. Clifford by Mr. Efird on 19 March 1976 was not a warranty. In that case there was testimony that a real estate agent had told the plaintiff that water in a crawl space under a house "was probably left over from construction and it should dry up in a short time now that everything was covered over and water couldn't get in there any more." Our Supreme Court held that this did not constitute an express warranty that water in the crawl space under the house would create no problems. Chief Justice Sharp said the real estate agent "did not expressly say, nor did his words reasonably imply, that he personally assumed a contractual obligation by warranting a dry crawl space." We believe that if no warranty was given in that case none was given in this one. Under *Griffin*, Mr. Efird's words expressed his opinion as to the cause of the dampness under the house and that there would be no problem with flooding. This is not enough to constitute an express warranty. That Mr. Efird may have later told Mr. Clifford not to worry, that he would take care of the flooding, and the house was warranted did not create a warranty. The fact that Mr. Efird attempted to remedy the problem does not prove he did it pursuant to a warranty. If Mr. Efird referred to a warranty, we do not believe this makes a warranty. He may have thought there was one but there is no evidence in the record that anyone representing the defendant made a warranty with either of the plaintiffs after the contract was made. Absent such evidence, we hold the defendant's motion to dismiss should have been allowed as to the plaintiffs' claim for express warranty against flooding.

Plaintiffs also argue that the contract was executed by Mr. Efird and it does not show he was acting for defendant River Bend Plantation, Inc. For this reason, defendant cannot take advantage of the parol evidence rule. The difficulty with this argument is that whatever rights the plaintiffs had against the defendant they received through the defendant's agent J. Frank Efird. They are bound by their dealings with him.

The plaintiffs also contend that the defendant may not deny the existence of the warranties under the doctrine of equitable estoppel. We do not believe the record shows the defendant did anything to mislead the plaintiffs. Without such evidence, equitable estoppel does not apply. *See* 5 Strong's N.C. Index 3d, *Estoppel* § 4.1 (1977).

We affirm as to plaintiffs' appeal and reverse as to the defendant's appeal.

Affirmed in part; reversed in part.

Judge PHILLIPS concurs.

Judge EAGLES dissents.

Judge EAGLES dissenting.

I respectfully dissent from that portion of the majority opinion which reverses the trial court's decision to permit the jury to consider and award damages under the plaintiffs' claim for damages for breach of warranty against flooding.

The parol evidence rule relied upon by the majority is subject to several exceptions, which were detailed by Chief Justice Stacy in *Jefferson Standard Life Ins. Co. v. Morehead*, 209 N.C. 174, 183 S.E. 606 (1936). One of these exceptions provides that: "[T]he rule which prohibits the introduction of parol testimony to vary, modify, or contradict the terms of a written instrument is not violated . . . by showing a *subsequent* parol modification, provided the law does not require a writing." *Id.* at 176, 183 S.E. at 608. (Emphasis added.)

The record is clear that the modifying conversation here occurred in June, *after* the original written sales contract was ex-

ecuted on 19 March 1976. Thus, the parol evidence rule does not require that evidence of this conversation be excluded.

Further, I differ with the majority's determination that the language granting a warranty here is no stronger than that disallowed in *Griffin v. Wheeler-Leonard & Co.*, 290 N.C. 185, 225 S.E. 2d 557 (1976). I do not share the view that *Wheeler-Leonard* requires the result reached by the majority. *Wheeler-Leonard* is distinguishable from the case *sub judice* in that the words used here are clear and unambiguous, while in *Wheeler-Leonard,* plaintiff's testimony about conversations with Wheeler was insufficient to establish a warranty. In *Wheeler-Leonard* the conversations were to the effect that ". . . he [Wheeler] just made the comment that it [water] was probably left over from construction and it should dry up in a short time now that everything was covered over and water couldn't get in there anymore"; that "I asked him [Wheeler] questions on the quality of the house and how these things were done in North Carolina. The warranties, guarantees and things like that, and he responded in the affirmative to all of my questions"; and that Wheeler said the contractor "was a good contractor and he built good homes and that they were substantial." *Id.* at 189, 225 S.E. 2d at 560.

Here, plaintiff's testimony notes that defendant's agent Efird said that "he would take care of the whole matter; and *the house was warranted."* The clarity and unambiguous nature of Efird's representation distinguishes this case on its facts from *Wheeler-Leonard.* Defendant's agent could not have been more clear in his warranty language. To hold that his language is not evidence sufficient to show a warranty has the practical effect of saying that no oral utterance will be sufficient. I would vote to affirm the judgment and verdict insofar as it allows the jury to consider and award damages under the claim for breach of warranty against flooding.