GREENSBORO NATIONAL BANK v. TRULOVE ENGINEERING, INC.

No. 8418DC312

(Filed 5 February 1985)

**Bills and Note § 19; Evidence § 32— action on note—parol evidence admissible to show method of payment**

    In an action to recover the unpaid balance of principal and interest allegedly due on a promissory note given by defendant, the trial court did not err in allowing testimony concerning an oral agreement allegedly made between the parties and one of defendant's debtors to collect the note from the debtor rather than from defendant, since the evidence was admissible to show a mode of payment contemplated by the parties other than that specified in the written instrument and to show the bank's breach of its agreement to transfer the loan to defendant's debtor's account.

APPEAL by plaintiff from *Lowe, Judge.* Judgment entered 17 November 1983 in District Court, GUILFORD County. Heard in the Court of Appeals 28 November 1984.

Plaintiff sued to recover the unpaid balance of principal and interest allegedly due on a promissory note given by defendant on 30 July 1982. By its terms, the note was payable within ninety days in the principal amount of $5,000 with interest thereon at an annual rate of nineteen percent. Defendant, through its president, answered and admitted execution of the note, but pleaded in defense and avoidance an oral contract allegedly entered into by

the parties and one Leon I. Roberts, a building contractor, at the same time the note was executed. What was agreed, according to defendant's allegation, was that when the note became due Roberts would either pay it, or the bank would transfer it to Roberts' account with the bank, and defendant would not have to pay it. Also alleging that Roberts was the bank's agent in his development of a certain subdivision, defendant counterclaimed for the value of surveying and engineering work done for the development.

At trial, over plaintiff's objections, defendant presented testimony to the following effect: On 10 November 1981, Leon I. Roberts or his corporation, Leon I. Roberts & Associates, owed defendant approximately $17,000 for services rendered at various of their subdivisions. When Thomas A. Trulove, defendant's president, requested payment, Roberts asked him if he would accept $5,000 until Roberts could close out some other deals. Trulove agreed to accept the $5,000 and Roberts took Trulove to one of plaintiff's branches where they met with Vernon Spaulding, the manager. In their conversation Trulove was told by Spaulding that Roberts, a longtime customer of the bank, was over his credit limit and because of banking regulations no loan could be made to him at that time; but that a loan for $5,000 could be made if it was made in defendant's name. In the discussion it was stated that when the note became due Roberts would either pay it or the bank would transfer it to Roberts' account, and payment would not be sought from defendant. And it was on this basis, so Trulove testified, that defendant executed the note. Roberts, as a witness for the defendant, testified to the same effect. Other evidence, either presented by defendant or elicited from plaintiff, showed that the original note was renewed several times, Roberts paid the accrued interest each time, and Roberts made one payment of $100 on the principal. Plaintiff's evidence indicated that the loan was made to defendant with the understanding that defendant would repay it.

In answering the issues the jury found that the plaintiff agreed not to hold defendant liable on the note and that the plaintiff bank was not liable for Leon Roberts engaging defendant's help on the development referred to. From judgment entered on the verdict, that neither party recover of the other, plaintiff appealed.

*Allen & Harris, by W. Steven Allen, for plaintiff appellant.*

*Hunter, Hodgman, Greene, Goodman & Donaldson, by Robert S. Hodgman, for defendant appellee.*

PHILLIPS, Judge.

The sole question presented by this appeal is whether the court erred in receiving into evidence the testimony concerning the oral agreement allegedly made between the parties and Roberts to collect the note from Roberts, rather than the defendant. Plaintiff contends that this evidence contradicted the terms of the written note and thus its receipt violated the parol evidence rule. We disagree. The testimony objected to was properly admitted under rules discussed in *Jefferson Standard Life Insurance Co. v. Morehead*, 209 N.C. 174, 183 S.E. 606 (1936) and *Borden v. Brower*, 284 N.C. 54, 199 S.E. 2d 414 (1973) to show a mode of payment contemplated by the parties other than that specified in the written instrument. *North Carolina National Bank v. Gillespie*, 291 N.C. 303, 230 S.E. 2d 375 (1976). The evidence was also admissible to show the bank's breach of its agreement to transfer the loan to Roberts. *Mozingo v. North Carolina National Bank*, 31 N.C. App. 157, 229 S.E. 2d 57 (1976), *disc. rev. denied*, 291 N.C. 711, 232 S.E. 2d 204 (1977).

No error.

Judges WHICHARD and JOHNSON concur.